IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DONALD MARTIN,

    Plaintiff,

v.                                         Case No.: 4:17-cv-399

BAYOULAND ENTERPRISES INC.,
D/B/A HOME THEATER EVOLUTIONS, LLC, and
TODD BROUSSARD,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONALD MARTIN, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, BAYOULAND ENTERPRISES INC., D/B/A HOME THEATER EVOLUTIONS, LLC, and TODD BROUSSARD (hereinafter sometimes referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

**VENUE**

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendant and incurred unpaid overtime wages while working in Harris County, Texas.

**THE PARTIES**

4. Plaintiff is an individual residing in Harris County, Texas.

5. Plaintiff was been employed by Defendants from approximately June of 2015, through August 2015, as a Technician, at the rate of $42,000.00 per year. Some of Plaintiff's principle duties were to install audio/visual equipment for Defendants. Plaintiff's duties required him to connect devices via cable and internet, which are the channels of interstate commerce.

6. Defendant, BAYOULAND ENTERPRISES INC., D/B/A HOME THEATER EVOLUTIONS, LLC, is a corporation established under the laws of the State of Texas and operates an office in Harris County, Texas.

7. Defendant, TODD BROUSSARD, owns and operates Defendant, BAYOULAND ENTERPRISES INC., D/B/A HOME THEATER EVOLUTIONS, LLC, and is a resident of Harris County, Texas.

## COUNT I UNPAID OVERTIME UNDER THE FLSA

8. Plaintiff re-alleges and incorporates herein paragraphs 1-7, *supra*.

9. Defendant, TODD BROUSSARD, is an individual believed to be residing in Harris County, Texas, and at all times material to this claim was substantially in control of the terms and conditions of the Plaintiff's work; therefore, is also Plaintiff's employers under the FLSA.

10. Defendants, BAYOULAND ENTERPRISES INC., D/B/A HOME THEATER EVOLUTIONS, LLC, and TODD BROUSSARD, were the employer of the Plaintiff as defined by 29 U.S.C. §203(d).

11. At all times material to this complaint, Defendant, BAYOULAND ENTERPRISES INC., D/B/A HOME THEATER EVOLUTIONS, LLC, had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, BAYOULAND ENTERPRISES INC., D/B/A HOME THEATER EVOLUTIONS, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, BAYOULAND ENTERPRISES INC., D/B/A HOME THEATER EVOLUTIONS, LLC, was an

enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material hereto Plaintiff individually engaged in interstate commerce through the connection of devices to cable and internet, the channels of interstate commerce.

15. Plaintiff did not hold a position that was exempt under the FLSA.

16. At all times material to this Complaint, Defendants were the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

17. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

18. Plaintiff worked from 7:30 a.m. to 5:00 p.m., Monday through Friday. Plaintiff also worked some Saturday hours. Plaintiff's schedule was set and controlled by the Defendants.

19. Defendants did not include any pay for work in excess of 40 hour per workweek as required by the FLSA.

20. Defendants used the pay scheme alleged herein to intentionally and

willfully avoid paying Plaintiff the correct amount overtime wages due to his as required by the Fair Labor Standards Act.

21. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

22. Defendants acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

23. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DONALD MARTIN demands Judgment against Defendants, BAYOULAND ENTERPRISES INC., D/B/A HOME THEATER EVOLUTIONS, LLC, and TODD BROUSSARD, jointly and severally, for the following:

a.  Unpaid overtime wages found to be due and owing;

b.  An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.  Prejudgment interest in the event liquidated damages are not awarded;

d.  Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, DONALD MARTIN, demands a jury trial on all issues so triable.

Respectfully submitted, February 8, 2017.

**ROSS LAW GROUP**

/s/*Thomas H. Padgett, Jr.*
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID:   11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph:   832-335-9134
Ph:   512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.

Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFFS**